NOT DESIGNATED FOR PUBLICATION

No. 118,764

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DUSTIN D. BENNETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; PHILLIP B. JOURNEY, judge. Opinion filed August 31, 2018. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Dustin Bennett appeals the district court's decision to revoke his probation and require that he serve his underlying prison sentence. He claims that the court should have given him another chance at probation rather than send him to prison. But Bennett admitted to the district court that he committed several new offenses while on probation and that gave the district court the discretion to send him to prison. We find no abuse of discretion in the district court's decision to do so.

Bennett was placed on 12 months of probation after he pleaded guilty to possession of methamphetamine, a felony offense, plus possession of drug paraphernalia and driving with a suspended license, both misdemeanor offenses. Based on the severity-level of Bennett's crimes and his criminal-history score of A (the most serious of nine

levels), Kansas sentencing guidelines provided a presumptive-prison sentence. But the district court granted Bennett a downward-dispositional departure to probation, noting that Bennett's person felonies in his criminal-history score had been committed quite some time ago and that Bennett had accepted responsibility for his actions and taken steps to address his substance-abuse problem. Finding that community-safety interests were best served by offender reformation outside a prison setting, the court ordered Bennett to successfully complete a drug-and-alcohol treatment program as one of the conditions of his probation. The district court also sentenced Bennett to an underlying 40-month prison sentence that he would have to serve if he did not successfully complete his probation.

While Bennett was on probation, the State alleged in an arrest warrant that Bennett had violated the probation by committing three new crimes—aggravated escape from custody, domestic battery, and driving while a habitual violator. At a later hearing on the State's motion to revoke Bennett's probation, he admitted all the alleged violations.

Bennett asked the court to put him back on probation, arguing that he suffered from an underlying drug addiction and that he was ready and willing to get treatment. He also urged the court to consider that he had not been convicted of any person felonies in about 20 years, he had kept a job for a few years, and that he may not be able to receive medical treatment in prison for his testicular-nerve damage.

The district court denied Bennett's request, revoked his probation, and ordered him to serve his 40-month underlying sentence. Bennett then appealed that decision to this court.

When a convicted felon violates the terms of probation, Kansas law generally provides that he or she receive an intermediate sanction, such as a short jail stay followed by a return to probation, rather than being sent to prison on the first violation. K.S.A.

2017 Supp. 22-3716(c)(1). But there are several exceptions to this general rule. Intermediate sanctions aren't required when the offender's probation was a result of a dispositional departure granted by the district court. See K.S.A. 2017 Supp. 22-3716(c)(9)(B). Also, intermediate sanctions aren't required when the offender commits a new crime while on probation. See K.S.A. 2017 Supp. 22-3716(c)(8)(A).

Bennett's sentence to probation was a downward-dispositional departure from a presumptive-prison sentence, and Bennett admitted to the district court that he had committed three new crimes while on probation. So the district court was not required to give Bennett another chance on probation. Accordingly, we review the district court's decision here only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

We find nothing unreasonable about the district court's decision here. While Bennett struggled with an underlying drug addiction, the court had already given him a chance to receive treatment. Indeed, the court ordered Bennett to successfully complete drug-and-alcohol treatment as a condition of his probation. But Bennett did not complete the treatment as ordered. And while Bennett had not been convicted of a person felony in close to 20 years, he admitted to the district court that he had committed three new crimes while on this probation.

Bennett has raised a second issue on appeal—that the district court's consideration of his criminal-history score, which affected his sentence, violated his constitutional rights. But he did not timely appeal his sentence, which was imposed on February 15, 2013. Bennett did not file a notice of appeal until November 9, 2017, well beyond the 14-day time limit. See K.S.A. 2017 Supp. 22-3608(c). Because Bennett did not timely appeal

his sentence, we lack jurisdiction to consider his constitutional claim. See *State v. Alexander*, 43 Kan. App. 2d 339, 344-45, 225 P.3d 1195 (2010).

On Bennett's motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Bennett's probation.

The defendant's appeal of his sentence is dismissed. The judgment of the district court is otherwise affirmed.